UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LEE CHRISTMAS,

    Plaintiff,

v.                                 Case No. 8:20-cv-259-TPB-AAS

LIEUTENANT J. NABORS and
SERGEANT MARSHA HILL,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE

This matter is before the Court on Defendants' Motion to Strike Portions of Plaintiff's Amended Complaint. (Doc. 61). On February 27, 2024, Plaintiff filed a response opposing the motion in part. (Doc. 66). Upon review of the motion, response, court file, and record, the Court finds as follows:

In November 2021, the Court dismissed Plaintiff's amended civil-rights complaint under 28 U.S.C. § 1915A for failure to state a claim. (Doc. 32). The Eleventh Circuit subsequently reversed the dismissal of Plaintiff's First Amendment legal-mail claims.[1] (Doc. 39 at 6-11). However, the Eleventh

---

[1] The legal-mail claims rest on the allegation that the Polk County Jail and its employees "interfered with [Plaintiff's] right to communicate freely and confidentially with his attorneys by forcing him to scan his legal mail into a computer with a memory chip." (Doc. 39 at 3).

Circuit affirmed the dismissal of the other claims in the amended complaint—that is, the claims alleging deprivation of recreational activity, overcrowding, and denial of adequate nutrition and medical treatment. (*Id.* at 12-22). After the mandate issued, this Court reopened the case and "permit[ted] service of process to proceed as to the First Amendment legal-mail claims." (Doc. 41). Following service of process, Defendants answered the amended complaint. (Doc. 59).

In their motion, Defendants seek to strike from the amended complaint "all claims and allegations related to . . . deprivation of recreation, overcrowded conditions of confinement, and denial of nutritional and medical needs." (Doc. 61 at 1). They contend that, because the Eleventh Circuit affirmed the dismissal of these claims, "the many pages of allegations regarding the[] dismissed claims are immaterial and impertinent to this case." (*Id.* at 2). Accordingly, Defendants ask the Court to strike "the allegations on Doc. 23-1, pages 1 through 35, and any other related claims and allegations." (*Id.*)

Plaintiff concedes that the allegations on pages 1 through 35 of Doc. 23-1 "correspond to the [d]ismissed [c]laims." (Doc. 66 at 1). Thus, Plaintiff "does not oppose Defendants' request to strike these allegations as immaterial to Plaintiff's remaining First Amendment claim, which pertains to legal mail."

(*Id.*) Plaintiff does oppose, however, what he describes as Defendants' "vague and nonspecific catch-all request to strike 'any other related claims and allegations.'" (*Id.*)

Upon review, the Court grants in part the motion to strike. Because the allegations on pages 1 through 35 of Doc. 23-1 relate exclusively to the dismissed claims, those allegations will be stricken from the amended complaint. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."); *Hulett v. Rutherford*, No. CV-04-S-1383-NE, 2005 WL 8158078, at *1 (N.D. Ala. July 26, 2005) (granting defendants' "motion to strike [from amended complaint] claims previously dismissed by the court"). The motion to strike is otherwise denied. This action proceeds solely on the First Amendment legal-mail claims in the amended complaint.

Accordingly, and for the reasons set forth herein, it is **ORDERED** that:

1. Defendants' Motion to Strike Portions of Plaintiff's Amended Complaint (Doc. 61) is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is granted to the extent that the allegations on pages 1 through 35 of Doc. 23-1 are **STRICKEN** from the amended complaint.

3. The motion is otherwise **DENIED**.

4. This action proceeds solely on the First Amendment legal-mail claims in the amended complaint.

**DONE** and **ORDERED** in Tampa, Florida, on March 14, 2024.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**